CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 22, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEVI G. SPRINGER, ) | |
|     Plaintiff, ) | Case No. 7:24-cv-00657 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF ) | Senior United States District Judge |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Levi G. Springer, a state inmate proceeding pro se and in forma pauperis (IFP), filed this civil rights action under 42 U.S.C. § 1983 against the Virginia Department of Corrections (VDOC) and members of the correctional and medical staff at Red Onion State Prison (Red Onion), where he is currently incarcerated. Springer claims that various defendants failed to protect him from being assaulted by another inmate and acted with deliberate indifference to his serious medical needs. Two of the named defendants, Trent and Nurse Rattcliff, have moved to revoke Springer's IFP status and dismiss the case under 28 U.S.C. § 1915(g).* ECF No. 36. For the following reasons, the motion is **DENIED**.

"Litigants who qualify for IFP status are excused from prepaying fees and costs." Harris v. Harris, 935 F.3d 670, 673 (9th Cir. 2019). "To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 590 U.S. 595, 597 (2020) (quoting Jones v. Bock, 549 U.S. 199, 203 (2007)). The rule prohibits a

---

* Other defendants represented by the Office of the Attorney General of Virginia filed an answer to the complaint.

prisoner for bringing a civil action IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In this case, court records reflect that Springer had the requisite three dismissals required by § 1915(g) at the time he filed this action. See Springer v. County Government, No. 1:09-cv-00575 (E.D. Va. Aug. 14, 2009); Springer v. Shaw, No. 1:09-cv-01339 (E.D. Va. Jan. 4, 2010); Springer v. Shaw, No. 1:09-cv-01410 (E.D. Va. Mar. 2, 2010). Therefore, the question before the court is whether Springer "has adequately pleaded that he was in imminent danger of serious physical injury when he filed his complaint." Holley v. Combs, 134 F.4th 142, 144–45 (4th Cir. 2025). The court concludes that he has.

As the United States Court of Appeals for the Fourth Circuit recently reiterated in Holley, "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." Id. at 145 (quoting Newkirk v. Kiser, 812 F. App'x 159, 159 (4th Cir. 2020)). "This means [the court must] accept [the plaintiff's] well-pleaded allegations as true at this stage of the proceedings." Id. at 145. Because the exception is considered a pleading requirement, a plaintiff need only "assert allegations of imminent danger; he need not affirmatively prove those allegations" at this stage of the litigation. Vandiver v. Prison Health Servs., 727 F.3d 580, 585 (6th Cir. 2013). Thus, "[i]n determining whether there is an 'imminent danger of serious physical injury,' the court must focus on whether the alleged injury exists at the time of filing and not on whether the [plaintiff] will be

2

ultimately meritorious on the substance of their lawsuit." Hall v. United States, 44 F.4th 218, 232 (4th Cir. 2022). As in other contexts, the court must liberally construe a pro se plaintiff's filings, and the court may consider "allegations made in any additional materials filed by the plaintiff." Holley, 134 F.4th at 144 (internal quotation marks omitted).

Here, Springer alleges that he lost consciousness and sustained multiple injuries to his face, head, and body after being beaten with an unknown weapon by another inmate. Compl., ECF No. 1, at 7. Although he was transported to a local hospital following the incident, Springer alleges that correctional officers prevented hospital staff from treating all of his injuries. According to the complaint, a nurse informed Springer that his nose was fractured and that hospital staff members were not able to "reset it or do x-rays." Id. at 9. The nurse also indicated that hospital personnel had not been able to perform an MRI before he was taken from the hospital. Id. Springer alleges that medical staff at Red Onion still have not treated all of his physical injuries, id. at 11–12, and that he also "believes he has a broken collarbone on his right side" and "some type of possible serious injury to the right side of his lower rib cage." Pl.'s Mot. Prelim. Inj., ECF No. 16, at 5.

Springer's allegations of untreated physical injuries, including bone fractures, satisfy the imminent-danger exception. Courts have recognized that "an untreated wound, like an untreated acute illness, could pose an imminent danger of serious physical harm." Fletcher v. Menard Corr. Ctr., 623 F.3d 1171, 1173 (7th Cir. 2010) (collecting cases). Springer alleges that he suffered serious physical injuries during the attack by another inmate, that he did not receive treatment for all of the injuries, and that the untreated wounds still exist at the time of filing. Such allegations, which must be accepted as true at this stage of the proceedings, are sufficient

3

to satisfy the PLRA's exception for litigants who are in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Fletcher, 623 F.3d at 1172 (concluding that an inmate satisfied the exception by alleging that he was denied medical treatment for a "severe injury and pain" resulting from an assault) (internal quotation marks omitted); Gorbey v. Thompson, No. 22-2129, 2023 WL 2755587, at *2 (7th Cir. Apr. 3, 2023) (concluding that "allegations of untreated severe pain, nerve damage and bone fractures satisfy the imminent-danger exception").

In moving to revoke Springer's IFP status, defendants Trent and Rattcliff rely on the court's previous order denying Springer's motion for preliminary injunctive relief, arguing that evidence submitted in opposition to that motion shows that Springer is not in imminent danger of serious physical harm. The defendants' argument, however, ignores the notable differences between the applicable legal standards. Unlike the imminent-danger exception, which is "essentially a pleading requirement subject to the ordinary principles of notice pleading," Holley, 134 F.4th at 145 (internal quotation marks omitted), the "extraordinary and drastic remedy" of a preliminary injunction may be awarded only if the court concludes "that the plaintiff made a clear showing that [he] is likely to succeed on the merits—along with the risk of irreparable harm, the balance of the equities, and the public interest." 2311 Racing LLC v. NASCAR, LLC, 139 F.4th 404, 408 (4th Cir. 2025) (internal quotation marks omitted). Because the legal standards for issuance of a preliminary injunction are clearly "stricter than . . . the standards for § 1915(g)," Wolf v. Valley, No. 1:21-cv-00226, 2022 WL 1423073, at * (D. Idaho May 5, 2022), the court's ruling on the motion for preliminary injunctive relief is not determinative of whether Springer qualifies for the imminent-danger exception.

4

For the reasons stated, the court concludes that Springer "has adequately pleaded that he was in imminent danger of serious physical injury when he filed his complaint." <u>Holley</u>, 134 F.4th at 144–45. Consequently, the moving defendants' motion to revoke Springer's IFP status and dismiss the case under § 1915(g), ECF No. 36, is **DENIED.** An appropriate order will be entered.

Entered: January 21, 2026

Michael F. Urbanski
U.S. District Judge
2026.01.21 17:28:07
-05'00'

Michael F. Urbanski
Senior United States District Judge